IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MANUAL LIRA                                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO.2:07CV13-WAP-JAD

CORRECTIONS CORPORATION OF AMERICA, et al.                        DEFENDANTS

**REPORT AND RECOMMENDATION**

On April 19, 2007, plaintiff, an inmate at the Tallahatchie County Correctional Facility, appeared before the court via video conference for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Lira complains that he was injured when a piece of wood flew out of a machine being used by another inmate, injuring his leg and back. The machine was not equipped with a safety guard at the time of the incident. He testified at the hearing that he was claiming his heart problems as a part of and a result of the earlier injury, rather than complaining about the care of his heart problems. From his testimony it is clear that Lira's injury was the result of a negligent act, and not a deliberate attack or deliberate indifference. A mere claim of negligence on the part of the prison officials licies is not cognizable under §1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Hare v. City of Corinth, MS*, 74 F.3d 633, 647-648 (5th Cir. 1996).

Lira may nevertheless have a claim for his injuries under Mississippi law. Accordingly it is recommended the complaint be dismissed without prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 20th day of April, 2007.

/s/ Jerry A. Davis
UNITED STATES MAGISTRATE JUDGE